Wanamaker, J.
The city of Columbus brought this action in the court of common pleas of Franklin county to condemn certain lands of the plaintiffs in error, pursuant to the Constitution of Ohio and the statutes in such case made and provided.
Upon the trial the court charged the jury, among other things, as follows:
“The burden of proving the value of this property rests upon the .defendants, the owners of the property, and they are required to prove its value by a preponderance, that is, by the greater weight of the evidence.,;i
To this charge the plaintiffs in error duly excepted. The motion for a new trial was overruled by the court of common pleas, and judgment entered upon the verdict of the jury under the above charge. The court of appeals affirmed the judgment below.
The sole question, therefore, before this court, is: Did the trial judge correctly charge the law touching the burden of proof in a condemnation suit by a municipality?.
*3 Both parties to this cause have urged upon the court the careful consideration of Neff v. City of Cincinnati, 32 Ohio St., 215, decided by the supreme court of Ohio in 1877. The first proposition of the syllabus in that case reads:
“Under the provisions of the statute authorizing a municipal corporation to appropriate land to a public use, such corporation must secure an ‘inquiry into and assessment of compensation’ by a jury to the owner of the property sought to be appropriated, which inquiry and assessment must be, not merely nominal, but actual, and made upon proof of the value of the property, or the corporation may be defeated in the appropriation; it is therefore not such error as will warrant the reversal of a judgment for the court before which the inquiry is held to permit such corporation to open and close the evidence and argument to the jury.”
In the course of the opinion, Judge Day, speaking for the court, says at page 218:
“The proceeding was. under the provisions of the municipal code, to appropriate land for public use. Under the constitution of the state, the owners of. land so appropriated are entitled to compensation in money. To obtain the land the law requires an assessment of such compensation to be made by a jury. For this purpose the municipal corporation is required to notify the land-owners of its application; and, upon proof of such notice, as required by law, the court must set a time ‘for the inquiry into and assessment of compensation,’ by a jury to be impaneled for that purpose. No pleadings are filed by the parties, nor is an issue of fact in any *4 form submitted to the jury. ‘The inquiry into and assessment of compensation’ comprise all the duties of the jury. This was the character of the trial in which the question is made as to which party is entitled to begin.
“The statute providing for the appropriation of land for the ‘public works’ of the state, and for the assessment by a jury of the amount to be paid to the owners, declares that ‘the state shall be entitled to open and close, in giving testimony, and in the argument.’ * * * On the other hand, the statute in regard to appropriations by general corporations secures to the land-owner the rights, in argument to the jury, of a party holding the affirmative. * * * But, in regard to appropriations under the municipal code, no provision is made on this subject. Such cases, then, not being controlled by any statutory provision, as to which of the parties must begin before the jury, must necessarily be governed by the rules of the common law, or in analogy to the corresponding provisions of the code of civil procedure.”
Judge Day continues:
“The code provides that the party, who would be deféated, if no evidence were to be given on either side, must first produce his evidence; and that the party required first to produce his evidence, shall have the opening' and closing argument.”
By this test of the Code as applied in the Neff case, it is quite clear that the municipality “would be defeated” if no evidence were given on either side, and hence would, under the Code, in the ab *5 sence of any special provision to the contrary, be “required” first to produce its evidence, and “have the opening and closing argument.” In ordinary civil actions the general rule would undoubtedly be that such right and requirement would carry with it the so-called burden of proof.
But another test is equally significant. A party plaintiff is the one that initiates the action or proceeding by making its application or filing its petition in a court of competent jurisdiction,, to protect some right or secure some remedy against the defendants.
At the instance of the petitioner service is made, or notice given to the defendants, and they are brought into court, usually against their will. Manifestly the duty rests upon the plaintiff either to show that his rights have been violated, or that the remedy he seeks is under the facts and circumstances of the case authorized and justified by the law, and that therefore he asks for a writ, order, or judgment of the court against the defendants.
Under the general rule, then, in civil actions, the obligation of making out a case for relief or remedy by process of court is upon the plaintiff, the mover, the initiator of the action or proceeding. And, speaking generally, the burden of making the necessary proof to warrant the order, finding, or judgment of the court, is upon the party praying for the relief or the remedy.
But, again, the Constitution of Ohio, by the Bill of Rights, Section 19, is most careful to safeguard the right of private property. This section reads:
*6 “Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money, and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.”
Now the burden of showing that the owner should be divested of his right, title and interest in the property, and should surrender the same to the plaintiff, is not upon the owner, but upon the person who seeks to dispossess the owner and take his property for a public use. The constitution makes such safeguard by expressly providing that such property shall not be taken for public use until “compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.”
The plaintiff, relying upon the right of eminent domain, is obliged to set the machinery of the law in operation in conformity to the constitutional requirement and the statutes pursuant thereto, in order to secure the title and possession of the property. The property owner need not even appear. The constitution and the laws protect him as to *7 “full compensation or just compensation for the value of the property taken.”
This provision of the constitution was under consideration by the supreme court in an early case, The Cleveland & Pittsburg Rd. Co. v. Ball, 5 Ohio St., 568, when Judge Bartley, speaking for the court, said at page 575:
“The provisions of the constitution of this state on this subject, are somewhat different from the provisions in the constitutions of some of the other states. ‘Full compensation’ is required to be made to the owner in money for the appropriation of his property, as a condition precedent. To be a full compensation it must be a remuneration or recompense for that detriment or loss to the owner in the value of his property arising from the taking of his property in connection with the use for which it is taken.”
Those who seek to dispossess others of their constitutional right of private property, under the provisions of the extraordinary power of eminent domain, should have cast upon them the burden of proving to the satisfaction of the court and jury that they have performed, or are willing to perform, their full constitutional and statutory duty in the premises touching such full or just compensation. Such provision is special and in derogation not only of the common law but also of the general provision of the constitution, and therefore should be strictly construed.
Since the decision in the Neff case, which allowed the city the right to open and close, the legislature of Ohio has passed a statute giving the right to *8 open and close to the property owner, as provided in Section 3684, General Code. The claim is made that by virtue of this statute conferring the right to open and close upon the property owner, the “burden of proof” is by clear implication also put upon the property owner.
Doubtless it was the decision in the Neff case, supra, that led the general assembly of Ohio to confer the privilege of opening and closing upon the property owner, rather than upon the parties seeking to condemn. In conferring the privilege, it is not likely that they intended to impose a burden, unless privilege and burden must go together,
The considerations touching the burden of proof between the parties to a condemnation case, upon the question of value, have all been based upon the assumption that there is- a burden of proof. If there is a burden of proof, the question properly arises as to who shall meet it, who shall carry it; and if there be a shortage in that respect, as to who shall fail.
Very properly, however, the question that first is entitled to our consideration is this: Is there any “burden of proof,” as that phrase is used and defined in the practice of the law touching cases of this character?
It may be helpful at this stage of the case to consider what is meant by the technical phrase “burden of proof.” 16 Cyc. lays down this doctrine at page 926:
“The general rule is that whoever has the affirmative of the issue, as determined by the plead *9 ings, or, where there are no pleadings, by the nature of the investigation, has the burden of proof. It never shifts from that party either in civil or in criminal cases.”
The same authority defines “burden of proof” as follows:
“(1) The necessity of establishing the existence of a certain fact or set of facts by evidence which preponderates to a legally required extent; or (2) the necessity which rests upon a party at any particular time during a trial to create a prima facie case in his own favor or to overthrow one when created against him.”
The first definition really seems adequate and plain. It always must be interpreted in connection with the issues of a case or proceeding.
23 Cyc., 368, defines issues as applied to pleadings as follows:
“A single certain and material point issuing out of the allegations of the plaintiff and defendant; a single material point of law or fact depending in the suit, which, being affirmed on the one side and denied on the other, is presented for determination; a point in dispute between parties on which they put their cause to trial; á claim on one side denied by the other; that matter upon which the plaintiff proceeds by his action and which the defendant controverts by his pleadings; some question, either of fact or law, disputed between the parties, and mutually proposed and accepted by them as the subject for decision. In technical strictness, the term when used with reference to pleadings, signifies the disputed point or question.”
*10 From the foregoing texts it is quite apparent that there is no technical, formal, legal issue relating to the value of the property in question, to which the technical phrase “burden of proof” may intelligently and reasonably be applied. There is no definite, concrete, particular issue of fact to be submitted to the jury, which is affirmed on one side and denied upon the other. The nature of the controversy between the parties is such that it does not permit or admit of any such simplicity of statement, of any such definiteness of controversy, of any formula of fact, which is claimed on one side and denied upon the other.
In order to raise such form of technical issue, to which rules arising out of burden of proof would apply, it would be necessary for the one party to determine upon a definite, particular proposal as to value, which definite proposal would be affirmed by one party and denied by the other. Such unusual proposal would doubtless furnish the necessary technical issue to which the technical rules applicable to burden of proof, would apply; but such would be most unusual in a condemnation case, where the witnesses for the condemner, as well as for the property owner, will vary thousands of dollars as to what the fair market value of the property is at the time of the inquiry, so that the jury would have before it no definite issue to which it could logically and reasonably apply the doctrine known as “burden of proof.”
The technicál phrase, “burden of proof,” applied to a technical pleading of formal issues, law, or fact, furnishes a safe and salutary rule of law; *11 but in an informal proceeding, where there are no formal pleadings, no special technical issues, there is neither room, right, nor reason for the application of this doctrine. An informal and untechnical proceeding should not be involved or complicated by formal and technical rules of law. You might as well undertake to fit a hat to a headless man as to fit the doctrine of burden of proof to a proceeding of this character, which is absolutely wanting an issue to which such doctrine can be applied.
But there is another reason why the doctrine pertaining to burden of proof cannot be applied to the case at bar.
Chamberlayne’s Hand Book on Evidence, at Section 399, discusses this feature very clearly and concisely as follows:
“Where there are no common law pleadings, as where one intervenes in a pending proceeding as claimant, the burden of proof is placed by procedure or administration in accordance with the natural rule upon the defendant, claimant or party seeking affirmative action.
“So, where one institutes an action in rem, seeking affirmative action in his own behalf; — as for the probate of a will, or seeks relief in any other special proceeding as where the party appeals from an order, or sues to condemn land, or to recover damages arising from the exercise of the right of eminent domain, the burden of proof is upon him.”
Clearly we have in the action at bar a proceeding in rem, a proceeding to take this specific property by an inquiry before a jury in order to make *12 full compensation at the fair market value of the property. It is a proceeding in rem because it relates solely to the question, of ascertaining or assessing the fair market value of the property, in order to make compensation to the owner, which is done solely in order to enable the public to get title and possession of the property for the public use. The jury serves merely as an assessing board or appraising body to fix the value, wholly apart from any formal technical issues or rules touching the proceedings, whether raised by pleadings or proof. This proceeding does not admit of any definite, formal, technical issue touching value. It therefore does not admit of the technical doctrine relating to burden of proof.
The trial court erred in imposing such a burden upon the property owner. Judgment below is therefore reversed.

Judgment reversed.

Nichols, C. J., Johnson and Robinson, JJ., concur.